# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| ERIC FLORES,<br><br>       **Plaintiff,**<br><br>v.<br><br>UNITED STATES ATTORNEY GENERAL and FEDERAL BUREAU OF INVESTIGATION,<br><br>       **Defendants.** | **REPORT AND RECOMMENDATION**<br><br>Case No. 2:15-cv-00288-DB-PMW<br><br>District Judge Dee Benson<br><br>Chief Magistrate Judge Paul M. Warner |

District Judge Dee Benson referred this case to Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1] At the outset, the court notes that Eric Flores ("Plaintiff") is proceeding pro se in this case. Consequently, the court will construe his pleadings liberally. *See, e.g.*, *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003). The court also notes that Plaintiff has been permitted to proceed in forma pauperis under 28 U.S.C. § 1915 ("IFP Statute").[2] Before the court is the review of Plaintiff's complaint[3] under the authority of the IFP Statute.

---

[1] *See* docket no. 5.

[2] *See* docket no. 2.

[3] *See* docket no. 3.

## BACKGROUND

Plaintiff's complaint is extremely disjointed and confusing.  It is captioned as a "PETITION TO CHALLENGE THE CONSTITUTIONALITY OF THE FIRST AMENDMENT" and names as Defendants the United States Attorney General and the Federal Bureau of Investigation.[4]  Plaintiff contends that he is "the representative party to seek relief from imminent danger such as death on behalf of a protected class of mexican american [sic] citizens of the United States that is so numerious [sic] that joinder of all members is impracticable."[5]  Plaintiff asserts that his complaint presents two questions:  (1) "[w]hether governmental interference with a persons [sic] marriage resulting in separation of that marriage can be constituted as a constitutional deprivation of the first amendment right to free exercise of religious belief under the domestic legal pretext," and (2) "[w]hether governmental interference with a persons [sic] communication to the state and federal law enforcement agencies so as to prevent an investigation of a crime committed against that person can be constituted as a constitutional deprivation of the first amendment right to freedom of speech."[6]

In support of his claims, Plaintiff repeatedly alleges that an "organized group of executive employees of the federal government" used "advanced technology with a direct signal to the satelite [sic] in outerspace [sic] that has the capability of calculateing [sic] genetic code" to cause certain physical and mental effects on Plaintiff and other individuals that lasted "long durations

---

[4] *Id*. at 1.

[5] *Id*. at 2.

[6] *Id*. at 4.

exceeding" "calendar years" or "calendar days."[7]  Some examples of Plaintiff's allegations concerning those physical and mental effects include:

- "severe mental pain . . . equivalent in intensity to the explosion of a nuclear weapon within [Plaintiff's] mental state of mind[;][8]

- "severe heart pain . . . equivalent in intensity to cardiac and raspatory [sic] failure leading to heart attack almost resulting [Plaintiff's] death[;]"[9]

- "severe mental pain . . . equivalent in intensity to an electric chair execution leading to brain hemerage [sic] resulting in [Plaintiff's] death[;][10]

- taking "physical control of" Plaintiff's grandfather's "mental state of mind so as to compel him into an act of dures [sic] by a calculated procedure to have sexual intercourse with another female person other than his common wife . . . the mother of all his children" and "sexual intercourse without his effective and consent or awareness with another female person other than his wife . . . the mother of all his children[;]"[11]

- taking "physical control of" Plaintiff's uncle's "mental state of mind so as to compel him into an act of dures [sic] by a calculated procedure sexual intercourse without his effective and consent or awareness with another female person constituteing [sic] unjustified governmental interference with his first amendment right to free exercise of religious belief to not commit adultery by having sex with another female person other than his wife the mother of all his children[;]"[12]

---

[7] *Id*. at 8, 10, 14-15, 16, 19, 22, 24, 26, 29-30, 34-37, 39-41, 43, 45, 47-50, 61.

[8] *Id*. at 14.

[9] *Id*. at 15.

[10] *Id*. at 16.

[11] *Id*. at 22.

[12] *Id*. at 24.

3

- taking "physical control of" an individual's "mental state of mind by a calculated procedure to have sexuall [sic] intercourse with another person constituteing [sic] sexual assault in the first degree[;]"[13]

- taking "physical control of" several individuals' "mental state of mind so as to compel [them] into an act of dures [sic] by a calculated procedure without [their] consent or awareness to have sexual intercourse with another person of Mexican American national origin . . . constituteing [sic] sexual assault in the first degree[;]"[14]

- taking "physical control of" an individual's "mental state of mind so as to compel her into an act of dures [sic] by a calculated procedure to have sexual intercourse without her consent or awareness with another person of African American national origin by the nickname of FAME that is directly related to a member of the organized group of executive employees of the federal government constituteing [sic] sexual assualt in the first degree[;]"[15]

- distorting Plaintiff's and his brother's "mental state of mind while they were trying to concentrate on their classroom assignment for the purpose of effecting their grade point average to hinder their efforts in earning an educational degree," which was done "to casually infer to a movie named Rudy which is about a young boy whom was not accepted at an educational institution because of poor grades."[16]

Based on those and other similar allegations, Plaintiff requests several forms of relief for violations of the First Amendment, "an injunction prohibiting the unjustified governmental interference as described above," and referral of "this cause of action to the United States Department of Justice for want of prosecution."[17]

---

[13] *Id.* at 27.

[14] *Id.* at 29-30.

[15] *Id.* at 34.

[16] *Id.* at 49.

[17] *Id.* at 62-63.

## ANALYSIS

The following standards are relevant to the court's review of Plaintiff's complaint under the authority of the IFP Statute. Whenever the court authorizes a party to proceed without payment of fees under the IFP Statute, the court is required to "dismiss the case at any time if the court determines that . . . the action . . . is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i). The United States Supreme Court has construed the term "frivolous" within the context of the IFP Statute by stating that

> a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact. . . . [The IFP Statute]'s term "frivolous," when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation.

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The IFP Statute

> accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. Examples of the former class are claims against which it is clear that the defendants are immune from suit . . . and claims of infringement of a legal interest which clearly does not exist . . . . Examples of the latter class are claims describing fantastic or delusional scenarios . . . .

*Id.* at 327-28; *see also Hall v. Bellmon*, 935 F.2d 1106, 1108-10 (10th Cir. 1991).

After carefully reviewing Plaintiff's complaint, the court concludes that it falls squarely within the second of those categories because, as demonstrated above, the underlying factual allegations describe "fantastic or delusional scenarios," *Neitzke*, 490 U.S. at 328, and "rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Accordingly, the court concludes that Plaintiff's complaint is frivolous under the IFP Statute and,

therefore, should be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(i); *Denton*, 504 U.S. at 33; *Neitzke*, 490 U.S. at 325-28; *Bellmon*, 935 F.2d at 1108-10.

## CONCLUSION AND RECOMMENDATION

In summary, IT IS HEREBY RECOMMENDED that this action be DISMISSED WITH PREJUDICE as frivolous under the IFP Statute. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The parties must file any objection to this Report and Recommendation within fourteen (14) days after being served with a copy of it. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute waiver of objections upon subsequent review.

DATED this 7th day of September, 2018.

BY THE COURT:

PAUL M. WARNER
Chief United States Magistrate Judge